AGNES PETERSEN, JOHN PETERSEN,
JAMES T. LITHERLAND, ROSE MARIE
GORE, FRED GORE, DELORES BROWN,
STANFORD MERRIFIELD, GARY HART,
DELIA KEENE, and ROBERT KEENE
DEPARTMENT OF REVENUE, Intervenor
*v.*
INTERMEDIATE EDUCATION DISTRICT
OF COLUMBIA COUNTY, aka EDUCATION
SERVICE DISTRICT OF COLUMBIA COUNTY*

*The name, "intermediate education district" is to be replaced by the name "education service district" as of July 1, 1978, pursuant to Or Laws 1977, ch 481. Section 2 of that chapter authorized the Legislative Counsel to replace the original name throughout the 1977 ORS Replacement Parts. Consequently, both titles appear in the caption in this suit, filed during the transition period.

[ 460 ]

James K. Gardner, Hillsboro, represented plaintiffs.

Ira W. Jones, Senior Assistant Attorney General, Salem, represented intervenor.

Jay W. Whipple, Williamson & Whipple, St. Helens, represented defendant.

Decision for plaintiffs and intervenor rendered June 26, 1978.

CARLISLE B. ROBERTS, Judge.

The Tax Court's jurisdiction under ORS 294.485 of the local budget law has been invoked by ten interested taxpayers of Columbia County. The suit requires construction of a new statute, enacted as Or Laws 1977, ch 840, § 12, and codified as ORS 334.262 (1977 Replacement Part).

The legislature, having taken into consideration the importance of the element of time in the preparation of a property tax budget and the certification of a levy by a taxing district, has required that questions of this kind shall be given priority by the court. ORS 294.520. The court has been well served by the legal counsel appearing on behalf of the three parties, through the presentation of briefs and oral arguments. Finding itself fully persuaded as to the applicable law by the presentations of the plaintiffs and the intervenor, it adopts the brief of the intervenor (with slight editing) and attaches it to and makes it a part of this decision in explanation of the court's rationale. (*See* Addendum.)

The defendant, forthwith, shall revise and amend its budget for the tax year 1978-1979 in conformance

with the reasoning set out in the intervenor's brief (and, in less detail, in plaintiffs' brief), as adopted by the court; that is, it shall levy $300,366.90 by virtue of its powers under ORS 334.262(1)(a) and $88,229.39 under ORS 334.262(1)(b), as a levy for its general funds and general fund mandated services, respectively, and $1,470,490.17 for local school support.

To expedite the matter, the court's rule No. 27, relating to the preparation and submission of forms of decree by counsel, is waived by the court. The court will issue the decree simultaneously with this decision.

ADDENDUM: INTERVENOR'S PRETRIAL BRIEF

On or about March 29, 1978, the defendant, Education Service District of Columbia County, certified a levy to the Assessor of Columbia County in the amount of $1,859,086.17. The total amount of this levy is not in question. What is in question is the purpose for which the levy was made. The revised financial summary which was approved by the budget committee on February 8, 1978, and adopted by the district's board on March 14, 1978, indicates that the district levied $574,835 for general fund operaton (*i.e.,* for its operational, administrative and resolution services and for federal and state mandated programs established or expanded after July 1, 1977) and $1,284,251.17 for local school support.

It is plaintiffs' and intervenor's contention that the $574,835 for operation, administrative and resolution services and for federal and state mandated programs is in excess of the amount the district is permitted to levy for these purposes under ORS 334.262(1) (1977 Replacement Part). Intervenor's computation of the permitted levy under ORS 334.262(1) is that defendant can levy only $388,596 for its operational, administrative and resolution services and for federal and state mandated programs established or expanded after July 1, 1977. The remainder of the district's

[ 462 ]

taxing authority must be levied for local school support under ORS 334.262(1)(c). In other words, the levy should be divided as follows: For general fund operations, $388,596; for local school support, $1,470,490.17. This is the total levy permitted within defendant's tax base of $1,859,086.17, the amount certified to the County Assessor of Columbia County.

Is the amount of money which defendant may levy for general fund purposes, that is, for its operational, administrative and resolution services and for federal and state mandated programs established or expanded after July 1, 1977, limited by ORS 334.262(1)? The answer to this question is a matter of statutory interpretation of ORS 334.240 and 334.262.

ORS 334.240 provides as follows:

"(1) The education service district board shall be subject in all respects to the Local Budget Law (ORS 294.305 to 294.520), except that in addition to other qualifications, members of the budget committee who are not members of the education service district board shall be members of common school and union high school district boards within the education service district.

"(2) The board of the education service district is authorized, not later than March 15 each year, to prepare and adopt a budget for its own expenses, including expenses for travel, for providing the board with professional and clerical assistance, and for such services, equipment and supplies as the board may require. The board's expenses may include amounts necessary to provide special services and facilities authorized by subsections (1) and (2) of ORS 334.175."

ORS 334.262 provides as follows:

"In its budget prepared for each fiscal year beginning on July 1, 1978 and July 1, 1979, each education service district to which ORS 334.262 to 334.270 applies shall:

"(1) Compute a tax levy for its operational, administrative and resolution services expenses budget prepared under ORS 334.240, subject to the limitations stated in paragraph (a) of this subsection and compute a school

[ 463 ]

support levy as defined in paragraph (c) of this subsection.

"(a) Except as provided in paragraph (b) of this subsection, the education service district shall not levy more for its operational, administrative and resolution services expenses under this subsection than it levied for those same purposes in the preceding year plus six percent thereof.

"(b) In addition to the amount that may be levied under paragraph (a) of this subsection the education service district may levy an amount equal to six percent of the difference between its tax base for the current year and the amount levied for its operational, administrative and resolution services expenses in the same year for purposes of financing programs established or expanded after July 1, 1977, to meet federal or state mandated programs for handicapped children as defined in ORS 343.035. The additional levy permitted under this paragraph must be for services established pursuant to ORS 334.175 but shall not be considered a resolution services expense for purposes of making the computation under paragraph (a) of this subsection for a succeeding year or for purposes of ORS 334.263.

"(c) If the education service district has authority to levy a tax in excess of the operational, administrative and resolution services expense budget prepared under paragraphs (a) and (b) of this subsection, it shall levy that excess amount for support of common and union high school districts within its boundaries. The amount to be levied under this subsection shall be certified to the Superintendent of Public Instruction on or before May 15 of each year.

"(2) Not determine, compute, apportion, certify, levy or distribute a tax offset as provided in ORS 334.262 to 334.270."

█ ORS 334.240 has been a part of the law for a long period of time. ORS 334.262, enacted by Or Laws 1977, ch 840, § 12, was made a part of ORS chapter 334 at the same time that all of the state's laws relating to "offset," to be provided through the education service districts (formerly intermediate service districts), were repealed. It is intervenor's contention that in order to give any effect to ORS 334.262, it must be

construed as *limiting* the authority of an education service district to levy taxes in support of its budget for operational, administrative and resolution services expenses contained in that budget, prepared in accordance with the local budget law and ORS 334.240.

Shortly after Or Laws 1977, ch 840, became effective (October 4, 1977), Oregon's Superintendent of Public Instruction began to receive questions from various education service districts as to the effect of ORS 334.262 upon their levies for the fiscal year 1978-1979. To aid these districts, the Superintendent of Public Instruction asked for an opinion from the Attorney General concerning the effect of ORS 334.262 upon the levying authority set forth in ORS 334.270. On January 9, 1978, the Attorney General issued an opinion in response to the questions presented by the Honorable Verne A. Duncan, Superintendent of Public Instruction.

In this opinion, the Attorney General concluded that ORS 334.270, as amended by Or Laws 1977, ch 840, does not give an intermediate education district board additional taxing authority for the purposes of funding operational, administrative and resolution services over and above the statutory limitation placed upon the board's taxing authority for the same purpose in ORS 334.262.

The second question in that opinion concerned the computation of a tax levy. By coincidence, this happened to be the levy figures that were used for defendant in preparation of its 1977-1978 budget and tax levy. In answer to this second question, the Attorney General concluded that the intermediate education district in the example submitted would have authority under ORS 334.262 to levy 106 percent of $283,365 ($300,366.90) for those services. This opinion was issued on January 9, 1978, long before defendant had concluded its budget deliberations. Intervenor concurs with the conclusion reached in that opinion.

[ 465 ]

The financial summary which was approved by the budget committee on February 8, 1978, and adopted by the district board on March 14, 1978 (Form 3101, rev 1/75), sets forth the financial summary for the fiscal year beginning July 1, 1977, as well as the fiscal year beginning July 1, 1978. In the general fund of the education service district for the fiscal year beginning July 1, 1977, the budget provided for a general fund expenditure of $480,575. From this amount was deducted the total resources except taxes to be levied in the sum of $197,210. The balance, $283,365, was levied by the intermediate education district for the fiscal year beginning July 1, 1977. The balance of the levy, $4,904,670.47, was levied for equalization purposes. Of the amount levied for equalization purposes, $1,470,489.88 was levied within the tax base of the district and $3,434,180.59 was levied outside of the tax base (authorized by the voters in an election held for that purpose prior to the levy of taxes for the 1977-1978 fiscal year). ORS 334.262(1)(a) provides that, except as modified in paragraph (b) of the subsection, the education service district shall not levy more for its operational, administrative and resolution services expenses under this subsection than it levied for those same purposes in the "preceding year" (*i.e.,* 1977-1978), plus 6 percent thereof. Hence, the Attorney General concluded that the amount the district could levy under paragraph (a) was $300,366.90 for those services (that is, 1.06 × $283,365). Paragraph (b) of that subsection provides that, in addition to the amount that may be levied under paragraph (a) of the subsection, the education service district may levy an amount equal to 6 percent of the difference between its tax base for the current year* and the amount levied for its operational, administrative and resolution services expenses in the same year for the purpose of

---

*"Current year" is defined in ORS 294.305(8) as meaning the fiscal year in progress. This definition is used consistently throughout the local budget law and the tax laws of the State of Oregon. In the case at bar, this would mean the 1977-1978 fiscal year which began on July 1, 1977, and will end on June 30, 1978.

financing programs established or expanded after July 1, 1977, to meet federal or state mandated programs for handicapped children as defined in ORS 343.035. Under paragraph (b), it is intervenor's contention that the district is permitted to levy an additional 6 percent of the $1,470,489.88 (the remainder of its tax base) for these services for 1978-1979. Intervenor concedes that the defendant had estimates in its budget that are equal to or exceed the amount of levy that is permitted under this paragraph. Six percent of $1,470,489.88 equals $88,229.39. The sum of $300,366.90 permitted under paragraph (a), plus the $88,229.39 permitted under paragraph (b), equals $388,596.29. For purposes of this case, that has been rounded to $388,596. It is intervenor's contention that the remainder of the levy, $1,470,490.17 (*i.e.,* the difference between $1,859,086.17 and $388,596), is required to be levied for the support of common and union high school districts within its boundaries. The law provides that this amount shall be certified to the Superintendent of Public Instruction, to be offset against the amount of taxes actually levied by the education service district. The offset is distributed through the education service district to the local district out of the basic school support fund. ORS 327.071, 327.095(4) and 334.264. As a result, the amount that will be extended upon the tax roll is the $388,596.

The purpose of the scheme was to eliminate the equalization and, at the same time, protect the tax base of the district if the legislature in 1979 should decide to restore equalization levying authority to the education service district. If the 1979 legislature fails to act, then the levy for the fiscal years beginning July 1, 1980, 1981 and 1982 will be limited as provided in ORS 334.263.

■ It is respectfully submitted by intervenor that a reading of ORS 334.240 and 334.262 can lead to no other conclusion than that the legislature intended to restrict the levying authority of education service districts in the State of Oregon to the amounts and for

[ 467 ]

the purposes set forth in subsection (1) of ORS 334.262. Furthermore, it is respectfully submitted that the only computation possible under that section is the computation set forth above.

■ Defendant, in its answer, alleged in its first affirmative defense that to the extent that ORS 334.262 limited the amount that can be levied for defendant's own budget, support services, instructional services and resolution services, ORS 334.262 violates Art XI, § 11, of the Oregon Constitution. This question of constitutionality of a statute similar to ORS 334.262 has already been answered by the Tax Court in *Dept. of Rev. v. Co. of Multnomah,* 4 OTR 133, 144 (1970). In that case, the court had before it the question of whether Or Laws 1969, ch 45, § 8, which placed a limit upon a county's ability to levy taxes for three fiscal years, was contrary to Art XI, § 11. The court stated, at 144:

> "Section 8 does not contravene the Oregon Constitution, Art XI, § 11, which defines 'tax base.' That section sets a ceiling on the county's power to levy taxes without a vote of the people. Section 8 does not seek to raise that ceiling; on the contrary, it reduces it for a specific period, in order to achieve a goal of statewide concern. * * *"

■ Similarly, ORS 334.262 does not seek to raise the ceiling set by the tax base of the defendant. Instead, it reduces for a specific period of time the amount that can be levied for certain purposes. Therefore, intervenor respectfully urges the court to dismiss the defendant's first affirmative defense.

■ Defendant's second affirmative defense seems to imply that the legislature is without authority to prescribe a uniform system of laws, the effect of which may require certain education service districts to curtail expenditures. This affirmative defense seems very similar to the previous one, although no constitutional citation has been mentioned. The Oregon Supreme Court, referring to the power of the legislature concerning matters of education in the State of Oregon, has said:

"* * * This [legislative] power is a sovereign, plenary one, its only limitation being that it be uniformly exercised and that no special or local law can be passed respecting support for the common schools and for the preservation of school funds. Article IV, § 23, Oregon Constitution; *Harris v. Burr,* 1898, 32 Or 348, 52 P 17, 39 LRA 768; *Campbell et al v. Aldrich et al,* 1938, 159 Or 208, 79 P2d 257; *Monaghan v. School District No. 1,* 1957, 211 Or 360, 315 P2d 797. * * *" (*Board of Education v. Fasold,* 251 Or 274, 278-279, 445 P2d 489 (1968).)

For a further indication of the authority of the legislature over school matters, *see Board of Education v. Fasold, supra* at 279, nn 2 and 3. The quotation set forth above, the cases cited in that quotation and the discussion contained in the footnotes make plain that the legislature has and can exercise practically unlimited authority over school districts. It follows that if ORS 334.262 does limit the levying authority of education service districts for its own budget operations, support services, instructional services and resolution services, the legislative policy must be followed.

Defendant's third separate and affirmative defense confuses the difference between a proposed expenditure (as stated in its budget and as provided in the local budget law, ORS 294.305 to 294.500) and the levy of taxes. The expenditures in the sum of $480,575 is an estimate of expenditures required to be listed under ORS 294.351. It is from these estimated expenditures that the tax levy is determined as provided in ORS 294.381. To arrive at a tax levy, the amount of revenues other than taxes to be levied that are available to the municipal corporation are deducted from the estimated expenditures. The remainder, plus an adjustment for discounts and delinquencies, is the tax levy. ORS 334.262 speaks in terms of the tax levy that the education service district used for providing operational, administrative and resolution services expenses. It did not speak to the expenditures themselves but to the amount of taxes needed to make it

[ 469 ]

possible to meet the anticipated estimated expenditures. A similar distinction was made in *Dept. of Rev. v. Co. of Multnomah, supra* at 152. In that opinion, the court recognized the difference between the term "appropriations" and the term "levy." In the case at bar, the defendant seeks to substitute "estimated expenditures" for the term "appropriations" (as used in *Dept. of Rev. v. Co. of Multnomah, supra*). Defendant's computation of levy for the fiscal year 1978-1979, based upon estimated expenditures or upon appropriations made for operational, administrative and resolution services expenses for the 1977-1978 fiscal year, is inappropriate under subsection (1) of ORS 334.262.